# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY MAIO, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:10-cv-1463 (CFD) |
| : | |
| CITY OF NEW HAVEN, : | |
| DEPARTMENT OF POLICE SERVICE, : | |
| CITY OF NEW HAVEN, JAMES LEWIS, : | |
| JOANNE PETERSON, MAX JOYNER, : | |
| RACHEL ROSS, and : | |
| NEW HAVEN POLICE LOCAL 530, : | |
|     Defendants. : | |

## RULING ON MOTION TO DISMISS

The plaintiff, Anthony Maio, filed a five-count complaint alleging false arrest, malicious prosecution, unlawful search and seizure, and compelled self incrimination in violation of the United States Constitution pursuant to 42 U.S.C. § 1983, and Connecticut state law claims for negligent hiring and supervision, intentional and negligent infliction of emotional distress, and breach of the duty of fair representation. The defendants are the City of New Haven (the "City"); the Department of Police Service for the City of New Haven (the "Police Service"); James Lewis (New Haven's Chief of Police); Joanne Peterson, Max Joyner, and Rachel Ross (all New Haven Police Officers); and the New Haven Police Local 530 ("Local 530" or the "Union"). Defendant Local 530 has moved to dismiss the only count directed against it, Count Five, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] For the reasons that follow, the Court

---

[1] Count One alleges the constitutional claims against the City, the Police Service, Lewis, Peterson, Joyner, and Ross; Count Two alleges negligent hiring and supervision against the City and Police Service; Count Three seeks to collect monetary damages from the City under Conn. Gen. Stat. § 53a-39(a); Count Four alleges intentional and negligent infliction of emotional

-1-

grants Local 530's motion to dismiss.

## I. Factual Background[2]

Anthony Maio has been a New Haven police officer for fifteen years. On April 19, 2008, the Police Department sent Maio on an unspecified assignment which resulted in two citizens accusing Maio of criminal conduct. On June 4, 2008, Officers Joyner, Ross, and Peterson obtained an arrest warrant for Maio for sexual assault and unlawful restraint and, on that day, Maio was arrested pursuant to the warrant. Maio claims that Peterson, Joyner, and Ross made material false statements or omissions in their arrest warrant application.

While that criminal matter was pending, Maio claims that certain of the defendants compelled him to give a statement about the criminal allegations and threatened him with termination of his employment if he refused. After giving the statement, Lewis brought administrative charges against Maio to terminate his employment and the Police Department placed Maio on administrative leave.

On August 12, 2009, a jury in the Connecticut Superior Court acquitted Maio of all the criminal charges filed against him. Maio asserts that even though he was acquitted of all criminal charges, certain defendants continued to subject him to employment discipline, compelled him to forfeit his sick time, and deprived him of due process.

The allegations that pertain to Local 530 are the following: Local 530 is a Connecticut union representing employees of the City and the Police Service. Maio is a member of Local 530

---

distress against Lewis, Peterson, Joyner, and Ross; and Count Five alleges a breach of the duty of fair representation against the Union.

[2] These facts are taken from the allegations of the plaintiff's complaint.

and, as such, he has the right to union representation under certain circumstances. Local 530 represents Maio pursuant to its collective bargaining agreement (the "Agreement") with the City. Maio contacted the Union and requested representation in connection with his employment disputes. Despite his requests, Maio asserts that the Union failed to adequately represent him. In addition, Maio claims the Union pressured him to resign from his employment and to withdraw his complaints against the City, and permitted the other defendants to question him about his criminal charges. Maio also claims that after his acquittal, the Union and the City pressured him to agree to the imposition of employment discipline for the criminal charges and to forfeit his due process rights, and the Union has refused to pursue or resolve any of Maio's union grievances concerning his arrest. The complaint does not specify the source of the duty of fair representation, but the Court assumes that it alleges both a federal and state law source.

## II. Discussion

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden of establishing by a preponderance of the evidence that jurisdiction exists. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); see also Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss for lack

of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint, but no argumentative inferences are drawn in the plaintiff's favor. See Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992).

Local 530 seeks to dismiss Maio's duty of fair representation claim for lack of subject matter jurisdiction for two reasons: (1) Maio cannot set forth a federal cause of action under the National Labor Relations Act ("NLRA"), the federal act from which the federal duty of fair representation arises, because municipal employers and employees are excluded under the NLRA; and (2) Maio has failed to exhaust the administrative remedies under the Connecticut Municipal Employee Relations Act ("MERA"), the state act from which the state duty of fair representation arises, and therefore cannot invoke this Court's supplemental jurisdiction.[3]

The Court agrees with Local 530 that Maio's duty of fair representation claim cannot proceed under the NLRA because the NLRA specifically excludes municipal employers and employees. See 29 U.S.C. §§ 152(2), (3); see also Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (indicating that a municipal employer is a "political subdivision" of the state and is therefore exempt under Section 152(2)).

Supplemental jurisdiction is a matter of discretion, not of right. Thus, the court need not exercise supplemental jurisdiction in every case. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 119 (2d Cir. 2007) (citing Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)); see

---

[3] The Court notes that Maio did not plead in his complaint either the NLRA or MERA. Plaintiff's Memorandum in Opposition to the Motion to Dismiss does not argue that the NLRA applies, but only appears to argue that the MERA applies.

also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ."). "Where a pendent state claim turns on novel or unresolved questions of state law . . . principles of federalism and comity may dictate that these questions be left for decision by the state courts. This is particularly true if the federal claim on which the state claim hangs has been dismissed." See Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998).

The Court has dismissed Maio's federal claim for breach of the duty of fair representation against the defendant Union. There are no other causes of action directed against Local 530 other than the possible claim of breach of the duty of fair representation under state law, that is, MERA. Cf. Jackson v. AFSCME Local 196, No. 3:07-CV-471 (JCH), 2007 WL 2221160, at *4 (D. Conn. July 26, 2007) (noting that the court exercised supplemental jurisdiction over the plaintiff's duty of fair representation claim under state law in light of the fact that plaintiff's federal claims under 42 U.S.C. § 1981 directed against the union remained in the case). Thus, the Court declines to exercise supplemental jurisdiction over Maio's state law claim for breach of the duty of fair representation against the Union.[4]

### III. Conclusion

Accordingly, the defendant Union's motion to dismiss for lack of subject matter

---

[4] The federal constitutional claims against the City, the Police Service, Lewis, Peterson, Joyner, and Ross remain.

jurisdiction [Dkt. # 23] is GRANTED.

SO ORDERED this   13th   day of September 2011, at Hartford, Connecticut.


 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**